OPINION
{¶ 1} Appellant Mark Powers appeals the decision of the Fairfield County Municipal Court that vacated the court's previous decision granting appellant's application to seal records. The following facts give rise to this appeal.
 {¶ 2} On May 3, 1995, appellant was charged with domestic violence, a misdemeanor of the first degree. Appellant appeared before the trial court on June 12, 1995, and entered a plea of no contest. The trial court found appellant guilty and sentenced him accordingly. On March 23, 2000, Senate Bill 13 became effective. Senate Bill 13 amended the statutory law relating to the sealing of records for first-time offenders. Under the new law, also excluded from those offenses available for expungement, is any offense of violence that is a misdemeanor of the first degree or a felony.
 {¶ 3} On October 21, 2001, appellant filed an application to seal records of his domestic violence conviction. The trial court conducted a hearing on appellant's application on November 16, 2001. At this hearing, the state did not object to the application and the trial court granted appellant's application to seal his records of the domestic violence conviction.
 {¶ 4} Thereafter, on March 1, 2002, the state filed a motion to vacate the expungement order. The trial court conducted a hearing on April 12, 2002, and took the state's motion under advisement. On April 15, 2002, the trial court granted the state's motion and vacated its earlier decision which granted the application to seal appellant's records. It is from this judgment entry appellant appeals and sets forth the following assignment of error for our consideration:
 {¶ 5} "I. THE TRIAL COURT ERRED IN RECONSIDERING AND REVERSING ITS EARLIER DECISION TO SEAL RECORDS OF DEFENDANT'S CONVICTION."
 I {¶ 6} Appellant maintains, in his sole assignment of error, the trial court erred when it vacated its order of expungement on the basis that its original decision granting appellant's application to seal records was void ab initio. We agree.
 {¶ 7} In its motion to vacate, the state argued the trial court's decision granting appellant's application to seal records was void ab initio because the trial court lacked subject matter jurisdiction to consider appellant's application. Although the trial court did not state, in its judgment entry granting the state's motion to vacate, that its previous decision was void ab initio, presumably, this is the basis the trial court relied upon in reaching its decision. On appeal, appellant contends the trial court did have subject matter jurisdiction, but may have erred in exercising its jurisdiction.
 {¶ 8} The Second District Court of Appeals addressed a case similar to the case sub judice regarding whether an expungement order was void ab initio for lack of subject matter jurisdiction. In State v.Wilfong (Mar. 16, 2001), Clark App. No. 2000-CA-75, the defendant filed a motion to expunge from his record a sexual battery conviction. Id. at 1. The trial court granted the defendant's motion. Id. Almost one and one-half years later, the state filed a motion to vacate the expungement order claiming the trial court had no jurisdiction due to an amendment to the expungement statute in 1994. Id. Thereafter, pursuant to the state's motion, the trial court vacated the expungement order. Id.
 {¶ 9} On appeal, the Second District Court of Appeals reversed the decision of the trial court making a distinction between subject matter jurisdiction and jurisdiction of the particular case or "exercise" of jurisdiction. Id. at 3. Specifically, the court explained:
 {¶ 10} "The exercise of jurisdiction refers to the authority provided to a court to decide cases within its subject matter jurisdiction. `Subject matter jurisdiction defines the power of the court over classes of cases it may or may not hear.' * * * More specifically, subject matter jurisdiction focuses on the court as the proper form to hear the cases, such as municipal court, common pleas, or juvenile court. * * * A judgment may only be declared void for lack of jurisdiction if the case does not fall within a class of cases over which the trial court has subject matter jurisdiction. * * *
 {¶ 11} "Conversely, the issue in this case involves the exercise of jurisdiction, which `encompasses the trial court's authority to determine a specific case within that class of cases that is within its subject matter jurisdiction.' * * * Compliance with statutory requirements is a component of a court's exercise of jurisdiction. * * * If a trial court improperly exercised its jurisdiction, any defects in judgment would be rendered voidable, not void. * * * In this regard, a voidable judgment must be attacked by a properly filed appeal." Id. at 3.
 {¶ 12} Based upon the above analysis, the Second District Court of Appeals concluded the trial court had subject matter jurisdiction and therefore, the judgment granting defendant's motion to expunge the sexual battery conviction from defendant's record was not void ab initio. Id. at 4. The trial court instead found the judgment vacating the expungement order voidable, as the result of the trial court's improper exercise of jurisdiction. Id. Thus, the state's only alternative to attack the trial court's improper exercise of jurisdiction was through a timely direct appeal. Id.
 {¶ 13} In applying the Wilfong case to the matter currently under consideration, we find the trial court had subject matter jurisdiction over this matter and therefore, the trial court's judgment granting appellant's application to seal his records was not void ab initio. However, the trial court improperly exercised its jurisdiction when it granted appellant's application in violation of the amended statutory law. The trial court's improper exercise of jurisdiction resulted in a voidable judgment, which the state had to attack by way of a timely filed appeal. The record indicates the state failed to timely appeal this matter.
 {¶ 14} Accordingly, the trial court's judgment vacating the expungement order is reversed and the expungement order is reinstated.
 {¶ 15} For the foregoing reasons, the judgment of the Fairfield County Municipal Court, Fairfield County, Ohio, is hereby reversed.
By: Wise, J., Hoffman, P.J., and Boggins, J., concur.
Topic: Improper exercise of jurisdiction in expungement.